IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ARMAND CASAZZA, | CV-25-1-M-KLD |
| Plaintiff, | ORDER and FINDINGS AND RECOMMENDATION |
| v. | |
| COURT JUDGE, | |
| Defendant. | |

On January 6, 2025, pro se Plaintiff Armand Casazza filed a motion for leave to proceed in forma pauperis (Doc. 1) and lodged a complaint, listing the Defendant as "Court Judge." (Doc. 2).

## I.      Motion to Proceed In Forma Pauperis

Under 28 U.S.C. § 1915(a), a civil proceeding may be commenced without prepayment of fees upon filing an affidavit showing inability to pay. On January 6, 2025, Casazza completed an "Application to Proceed in District Court without Prepaying Fees or Costs." (Doc. 1). The information provided in the application is sufficient to make the showing required by 28 U.S.C. § 1915(a) and the Court grants his request to proceed in forma pauperis.

## II.    Screening Requirement

Because Casazza is proceeding in forma pauperis, the Court must review his Complaint to determine if the allegations are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. If so, the Complaint must be dismissed. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim is appropriate when the complaint "either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory." *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (quoting *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008)). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 677– 78 (2009) (quoting Fed. R. Civ. P. 8(a)), and "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Where, as here, the plaintiff is proceeding pro se, the court has an obligation "to construe the pleadings liberally and to afford the [plaintiff] the benefit of any doubt." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012). But even where the plaintiff is proceeding pro se, the complaint should be dismissed if it appears

"beyond a doubt that the plaintiff can prove no set of facts in support of his claim."

See *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1997). A pro se plaintiff must be

given leave to amend unless it is "absolutely clear that the deficiencies of the

complaint cannot be cured by amendment." *Weilburg v. Shapiro*, 488 F.3d 1202,

1205 (9th Cir. 2007). If it is clear that the complaint's deficiencies cannot be cured

by amendment, dismissal without leave to amend is appropriate. See e.g. *Chaset v.

Fleer/Skybox Int'l.*, 300 F.3d 1083, 1088 (9th Cir. 200); *Klamath-Lake Pharma.

Ass'n v. Klamath Medical Servs. Bureau*, 701 F.2d 1276, 1293 (9th Cir. 1983).

## III.    Analysis

Casazza brings this action against an unspecified judge ("Court Judge")

Casazza's allegations against Court Judge are limited to three sentences. "He was

stating His [*sic*] rights. He didnt [*sic*] deserve this its [*sic*] Bullshit charges. Hes

[*sic*] in Police custody right Now [*sic*] this is so wrong." (Doc. 2 at 3).

It is well established that a judge is absolutely immune from suit for judicial

actions undertaken in the course of her official duties in connection with a case,

unless the judge acts outside of her judicial capacity or in the complete absence of

jurisdiction. *Mireless v. Waco*, 502 U.S. 9, 11–12 (1991). Judicial immunity is not

overcome "even when the judge is accused of acting maliciously and corruptly."

*Pierson v. Ray*, 386 U.S. 547, 554 (1967) (explaining that the doctrine of judicial

immunity exists to benefit the public because "[a judge's] errors may be corrected

on appeal, but he should not have to fear that unsatisfied litigants may hound him with litigation charging malice or corruption").

Casazza appears to allege that Court Judge had some involvement with (1) malicious charges filed against an individual and (2) the decision to hold that individual in police custody. Hearing charges against an individual and making decisions regarding detention are unquestionably judicial acts. Taken as true and liberally construed, these allegations cannot support a theory that Court Judge acted outside of her authority or jurisdiction. Accordingly, Court Judge is entitled to judicial immunity.

The Court concludes that the deficiencies set forth above cannot be cured by the allegation of additional facts and amendment would be futile. Therefore, the Court recommends Casazza's Complaint be dismissed with prejudice. For the reasons discussed above, the Court enters the following:

## ORDER

IT IS ORDERED that Casazza's motion to proceed in forma pauperis (Doc. 1) is GRANTED and his filing fee is waived. The Complaint is deemed filed on January 6, 2025.

## RECOMMENDATION

IT IS RECOMMENDED that:

1.    Casazza's Complaint (Doc. 2) be DISMISSED WITH PREJUDICE

for failure to state a claim on which relief may be granted.

2.    The Court should CERTIFY, pursuant to Federal Rule of Appellate

Procedure 24(a)(4)(B), that any appeal from this disposition would not be taken in

good faith. The Court should direct the Clerk to enter, by separate document, a

judgment of dismissal.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Casazza may object to this Findings and Recommendation within 14 days.

See 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a *de*

*novo* determination by the district judge and/or waive the right to appeal.

Casazza must immediately advise the Court of any change in his mailing

address. Failure to do so may result in dismissal of this action without notice to

him.

DATED this 20th day of February, 2025.

Kathleen L. DeSoto
United States Magistrate Judge